IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. )
) Case No. 13-mc-50032-JAR
HEIDI LYNN WEBSTER, )
)
    Defendant. )
_____)

## MEMORANDUM AND ORDER

On July 19, 2013, Defendant Webster appeared before this Court for an initial appearance on charges filed against her in the Western District of Texas, Case No. 13-CR-0588. Throughout the brief course of this Rule 5 hearing, Defendant Webster continued to speak loudly and contemporaneously while the Court attempted to advise her of the nature of the Rule 5 hearing and her rights at the hearing. The Court was unable to advise Defendant Webster of the charges, the statutory penalties, her right to counsel, her right to remain silent, her right to a detention or bond hearing, her right to an identity hearing, or her rights under Rule 20 of the Federal Rules of Criminal Procedure. The Court ultimately entered a judgment and order of summary contempt, in accordance with Fed. R. Crim. P. 42(b).

Before the Court is Defendant's Motion for Reconsideration (Doc. 3). The Federal Rules of Criminal Procedure do not provide for such motions.

> This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider is not a second chance for the losing party to make its strongest case or to

dress up arguments that previously failed.[1]

Defendant's recently retained counsel[2] makes no showing under the above standard that would warrant reconsideration of a summary contempt order and judgment. As described in that Order, the Court repeatedly warned and notified Defendant Webster during the hearing that unless she refrained from interrupting the Court and failing to follow the Court's oral orders, the Court would find her in criminal contempt. The Court certified on the record and in writing that the contemptuous behavior occurred in open court and imposed a judgment of contempt in the form of thirty days' confinement. This action was supported by Defendant's repeated disregard for the Court's admonitions and by Fed. R. Crim. P. 42(b). The motion to reconsider is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration (Doc. 3) is **denied**.

Dated: <u>July 25, 2013</u>

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE

---

[1] *United States v. Carr*, No. 06-40147-SAC, 2007 WL 1989427, at *1 (D. Kan. June 20, 2006) (citations and quotations omitted).

[2] Counsel also fails to include in his signature block his Kansas Bar number, as the local rules require.